RUSSO FRUIT COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46282. Promulgated August 31, 1931.

*J. V. Blair, Jr., Esq.*, for the petitioner.
*L. W. Creason, Esq.*, for the respondent.

## OPINION.

SMITH: At the hearing of this proceeding the petitioner did not produce any evidence purporting to substantiate the deductibility of any portion of the amount of $13,345.95 claimed as a deduction from gross income as debts ascertained to be worthless and charged off within the year or as a loss, except as to the note of $11,000 and accrued interest thereon of $330. In this state of the record it must be held that the petitioner has waived its claim to the deduction of $2,015.95 of the amount disallowed by the respondent.

With respect to the $11,000 note, it is to be noted that it was secured by a chattel mortgage on the fixtures and equipment of the Fairmont Market Company. The value of this security has not been shown nor is there evidence of any attempt on the part of the petitioner to take over the mortgage and property in settlement of the

note and accrued interest. Cf. *Daniel Hecker*, 17 B. T. A. 873. The petitioner as creditor has not shown that it had exhausted the liability on said security. See *Benton Harbor State Bank*, 20 B. T. A. 1106, in which the Board stated: " If a debtor has given security for a loan, either in form of collateral or a bond, it is incumbent on him to exhaust the liability on same before he is entitled to claim the debt to be worthless."

It was testified at this hearing that nothing occurred during the month of January, 1926, which would indicate that the note was any more uncollectible at the end of the month, when it was charged off, than at the beginning of the month, when it was set up as an asset on petitioner's books. See *Simon Kohn*, 8 B. T. A. 547; *Ralph H. Cross*, 20 B. T. A. 929.

It is also significant in the instant case that on the same date the $11,000, plus accrued interest, was charged off petitioner's books, an entry was made on the books of the Fairmont Market Company crediting the surplus of that company with a like amount with the explanation, " To Record Cancellation by Russo of Our Note to that Company for the Above Amount." This would indicate a cancellation by agreement of the two companies, which was held to be not deductible in *Crystal Paper Co.*, 2 B. T. A. 596.

The petitioner contends that the note was ascertained to be worthless in 1926 and that it was not known that it was worthless prior to the year 1926. In this connection it should be noted that the balance sheet of the Fairmont Market Company showed that that company was insolvent on December 31, 1924, and the result of the audit made in 1926 showed that it was also insolvent at the close of 1925. The audit only confirmed what was theretofore known. The mere fact of the insolvency of the debtor company does not, however, prove the worthlessness of the debt; for the note in this case was secured by a chattel mortgage on the fixtures and equipment of the Fairmont Market Company, the value of which is not shown by the record.

The basis for the deduction of a bad debt is its cost or value at the date of acquisition if acquired subsequent to March 1, 1913. *Charles F. Ayer*, 7 B. T. A. 324; affd., 26 Fed. (2d) 547; *O. N. Townsend et al.*, 13 B. T. A. 386. Where the basis can not be proved, no deduction can be allowed. *T. G. Northwall Co.*, 13 B. T. A. 881; *Skinner* v. *Eaton*, 34 Fed. (2d) 575. In the instant case no cost or value as at date of acquisition has been proven and the record indicates that the note in question was worth no more at the date acquired than at the date charged off the books. Upon the record the determination of the Commissioner, that the petitioner is not entitled to deduct from its gross income any part of the $13,-345.95, must be sustained.

*Judgment will be entered for the respondent.*